IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND MATHIS,                      )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        CASE NO. 1:04-CV-941-MEF
                                     )              [WO]
                                     )
SGT. C. BUCHMANN, et al.,            )
                                     )
        Defendants.                  )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Raymond Mathis ["Mathis"], an indigent inmate,

complains that the defendants violated his constitutional rights during his confinement in

the Houston Count Jail.  Specifically, Mathis contends that the defendants deprived him of

due process, failed to provide adequate access to the court, denied him visitation and placed

other inmates in lock-up without proper review.  He names Cindy Buchmann, Kim Turner,

Sondra Davis and Jackie Britt, corrections officers for the Houston County Jail, William

McCarty, commander of jail operations, and Lamar Glover, the sheriff of Houston County,

as defendants in this cause of action.  Mathis requests declaratory relief and monetary

damages from the defendants for the alleged violations of his constitutional rights.

The defendants filed special reports and supporting evidentiary materials addressing

the plaintiff's claim for relief.  Pursuant to the orders entered herein, the court deems it

appropriate to treat these reports as a motion for summary judgment. *Order of June 13, 2006 - Court Doc. No. 15*; *Order of December 12, 2006 - Court Doc. No. 27*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Mathis is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir.

1990).  A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

    To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is

3

proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings,

evidentiary materials and affidavits before the court show there is no genuine issue as to

requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275,

1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party

must produce evidence such that a reasonable trier of fact could return a verdict in his

favor).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact.

*Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Mathis has failed to

demonstrate that there is a genuine issue of material fact in order to preclude summary

judgment.  *Matsushita*, *supra*.

## II.  DISCUSSION OF CLAIMS

### A.  Alleged False Disciplinary Charge

Mathis asserts that on August 30, 2004, he fell on a wet floor and defendant

Buchmann falsely accused him of manipulation.  He maintains that after Buchmann's

accusation the defendants failed to provide him a disciplinary hearing on this charge and

placed him in lock-up in violation of his due process rights.  Defendant Buchmann denies

that she lodged a disciplinary against Mathis for manipulation and maintains that jail

officials did not place Mathis in lock-up for this alleged infraction. *Defendants' Exhibit B - Court Doc. No. 13-3 -- June 12, 2006 Supplemental Affidavit of Cindy Buchmann* at 2-4 ("[P]laintiff was placed on the backboard and then placed on the gurney and transported to the Jail Medical Clinic by [correctional officers and] Nurse Hathaway....  Approximately ten minutes later, Corrections Officer Athey called me on the radio and asked us to come to the [Medical] Clinic....  Plaintiff refused to let me or anyone else assess him medically and demanded to be taken to the 'f---ing' hospital....  [Correctional officers] assisted Plaintiff off the gurney and back board and placed him in L-4, one of the cells in the jail's medical clinic."  Mathis thereafter requested that he be returned to his cell and officer Gaff escorted the plaintiff "to A-POD, his usual housing assignment....  I am certain I did not lodge a disciplinary charge against the plaintiff for violation of Rule Number 5, manipulation.  The plaintiff was not placed in segregation and was returned to his usual cell assignment in A-POD.  The plaintiff was not placed in lock-up without a hearing as he was not placed in lock-up...."); *Defendants' Exhibit A - Court Doc. No. 25-2 -- August 4, 2006 Supplemental Affidavit of Cindy Buchmann* ("I am reasonably certain I did not lodge a disciplinary charge against the plaintiff for violation of Rule Number 5, manipulation.  I never placed the plaintiff in segregation ... [as] he was returned to his usual cell assignment in A-POD.").

Since this case is before the court on a properly supported motion for summary

judgment from the defendants, Mathis bears the burden of producing significant probative evidence that a violation of his constitutional rights occurred. *Anderson v. Liberty Lobby*, 477 U.S. at 249. Additionally, Mathis cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 252.

The court has undertaken a thorough and exhaustive review of the plaintiff's jail file and all evidentiary materials submitted by the parties. This review reveals that Buchmann did not lodge a disciplinary against Mathis on August 30, 2004 for manipulation. Specifically, the plaintiff's jail records are devoid of an August 2004 disciplinary for manipulation. Mathis has failed to produce any evidence which demonstrates that Buchmann actually lodged a disciplinary against him; rather, the only document submitted by Mathis to support his allegation is an inmate request form seeking a copy of an "appeal & sanction written up by Sgt. Buckmann ...." *Plaintiff's Exhibit 18 - Court Doc. No. 2–2 at 5 -- September 23, 2004 Inmate Request Form*; *Defendants' Exhibit N - September 23, 2004 Inmate Request Form*. However, in response to this request, the jail commander advised Mathis that no such "sanction or appeal" existed in his records. *Defendants' Exhibit N - September 23, 2004 Inmate Request Form.* Moreover, the plaintiff's jail records demonstrate that correctional officers did not place Mathis in lock-up on this date;

rather, they transferred Mathis to the jail's health care unit and placed him in a medical observation cell for a short period of time.  Upon his request for release from the medical observation cell, a correctional officer returned Mathis to his assigned cell in A-Pod. *Plaintiff's Exhibit 2 - Court Doc. No. 20-2* at 2 -- *August 30, 2004 Inmate Grievance Form*; *Plaintiff's Exhibit 18 - Court Doc. No. 2–2* at 5 -- *September 23, 2004 Inmate Request Form*; *Defendants' Exhibit A - Court Doc. No. 10-5 -- March 18, 2005 Affidavit of Cindy Buchmann* at 2; *Defendants' Exhibit B -Court Doc. No. 13-3 -- June 12, 2006 Supplemental Affidavit of Cindy Buchmann* at 2-4.  On August 30, 2004, Mathis prepared an inmate grievance with respect to this matter in which he references his return to A-Pod on said date. *Plaintiff's Exhibit 2 - Court Doc. No. 20-2* at 2 -- *August 30, 2004 Inmate Grievance Form*.

Other than his self-serving and conclusory allegations of constitutional violations, Mathis has failed to present any evidence, significantly probative or otherwise, that he received a disciplinary for manipulation or suffered placement in lock-up for this alleged disciplinary.  Essentially, the court has nothing other than the plaintiff's mere conclusions of law and unsupported factual allegations that the actions of the defendants ran afoul of the Constitution.  All of the probative evidence before the court demonstrates that officer Buchmann did not lodge a disciplinary against Mathis for manipulation nor did any correctional officer place him in lock-up based on such charge.  Consequently, summary

judgment is due to be granted in favor of the defendants.  *Hilton v. Secretary for Dept. of Corrections*, 170 Fed.Appx. 600, 604-605 (11th Cir. 2005); *Harris v. Ostrout* 65 F.3d 912, 916 (11th Cir. 1995).

## B.  Derogatory Comment

To the extent Mathis alleges that defendant Buchmann improperly commented on his fall by calling him a manipulator, he is likewise entitled to no relief.  An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981).  The statement about which Mathis complains, standing alone, does not violate the Constitution.  *Cf. Paul v. Davis*, 424 U.S. 693 (1976).  A threatening, derogatory or abusive comment made by a jailer to an inmate does not rise to the level of a constitutional violation.  *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973).  Thus, the plaintiff's assertion fails to demonstrate that the alleged statement of defendant Buchmann deprived him of any protected right, privilege or immunity.  The defendants are therefore entitled to summary judgment on this claim.

## C.  Failure to Provide Jail Rules

Mathis complains that the defendants failed to provide him with a copy of the rules and regulations governing the Houston County Jail.   The undisputed jail records

demonstrate that, pursuant to standard operating procedure, Mathis received a copy of the jail's rules and regulations each time he entered the Houston County Jail. *See Defendants' Exhibit N - Court Docs. No. 19-29*. Additionally, the evidentiary materials provided by the defendants establish that a copy of the rules and regulations is maintained at the Houston County Jail "in the ordinary course of the [jail's] operation" and inmates are allowed access to review the rules. *Defendants' Exhibit 4 - Court Doc. No. 10-6 -- May 22, 2006 Affidavit of William B. McCarty* at 2. Other than his self-serving and conclusory allegation, Mathis has offered no proof or objective evidence that the action about which he complains occurred or that such resulted in a violation of his constitutional rights. Thus, summary judgment is due to be granted in favor of the defendants with respect to this claim.

### D.  Suspension of Visitation Privileges

In order to effectuate orderly operation of the Houston County Jail and maintain discipline among inmates, the rules and regulations of the jail permit the suspension of "an inmate's visitation privileges." *Defendants' Exhibit A - Court Doc. No. 10-7* at 6. The rules further provide that "[i]nmates are not allowed visitors while serving time on lockdown or lock up time." Mathis complains that at various times during his incarceration the defendants denied him visitation privileges. The defendants acknowledge intermittent suspension of visitation privileges to Mathis but argue that they undertook such action only after completion of disciplinary actions against Mathis and/or upon his placement in lock-

up.  The undisputed evidentiary materials support the defendants' argument.

"'Visitation privileges are a matter subject to the discretion of prison officials.' [*McCray v. Sullivan,* 509 F.2d 1332, 1334 (5th Cir.1975)]*." Ortiz v. Secretary for Dept. of Corrections*, 156 Fed.Appx. 132, 133 -134 (11th Cir. 2005).  This court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them....  The burden, moreover, is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162, 2167-2168 (2003).

The law is well settled that "freedom of association is among the rights least compatible with incarceration."  *Overton*, 539 U.S. at 131, 123 S.Ct. at 2167 (citations omitted).   Moreover, restriction of visitation privileges for inmates with repeated disciplinary violations "is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for [those] prisoners who have few other privileges to lose."   539 U.S. at 134, 123 S.Ct. at 2168-2169.   In light of the foregoing, the court concludes that the jail regulation restricting visitation privileges for inmates bears a rational relationship to legitimate penological interests such that it meets the standard set forth in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).  Thus, summary judgment is due to be granted in favor of the defendants on

plaintiff's visitation claim.

### E.  Access to the Courts

Mathis complains that during his confinement in the Houston County jail the defendants denied him access to the courts.  Prisoners are entitled to "a reasonably adequate opportunity" to present claims of constitutional violations to the courts.  *Bounds v. Smith*, 430 U.S. 817, 825 (1977).  In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court expounded on *Bounds* and required that an inmate demonstrate the existence of an "actual injury" effecting his effort to pursue a nonfrivolous legal claim to demonstrate a denial of access to the courts.  Moreover, *Lewis* emphasizes that a *Bounds* violation is related to an inmate's lack of capability to present claims.  "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.  When an inmate ... shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because the capability of filing suit has not been provided, he demonstrates" the requisite injury.  *Lewis*, 518 U.S. at 356.

Mathis presents only specious allegations of a constitutional violation and fails to allege any shortcomings at the Houston County Jail which actually hindered his efforts to pursue his claims before this or any other court.  The undisputed evidentiary materials

submitted in this case demonstrate that Mathis had physical access to the law library and legal materials upon request and actually went to the law library on a routine basis. Mathis has failed to come forward with any evidence that the actions of the defendants deprived him of the ***capability*** to pursue claims; rather, Mathis has demonstrated that he is proficient at presenting and arguing claims in the court of his choice. Specifically, the records of this court demonstrate that Mathis has filed numerous and lengthy pleadings in this case and several other cases filed in the Middle District of Alabama. Consequently, nothing before the court indicates that the actions about which Mathis complains in any way improperly impeded his efforts to pursue nonfrivolous legal claims and, therefore, Mathis has failed to establish the requisite injury. *Lewis*, 518 U.S. at 356. In the absence of ultimate prejudice or disadvantage, the defendants are entitled to summary judgment on this claim. *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

## F.  Eighth Amendment Claim

Mathis complains that the defendants forced him to sleep on a mattress on the floor or on a mattress supported by steel rods. The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only an action which denies an inmate "the minimal civilized measure of life's necessities" constitutes a violation of the Eighth Amendment. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Neither sleeping

on a mattress on the floor nor on a mattress supported by metal rods alleges a sufficiently grave deprivation so as to rise to the level of cruel and unusual punishment. Thus, summary judgment is proper in favor of the defendants on this claim.

### G.  Claims on Behalf of Other Inmates

The instant complaint contains claims relative to actions taken against other inmates with respect to their placement in lock-up. In accordance with applicable federal law, Mathis lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert a legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *See Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

With respect to the claims arising from the alleged violations of other inmates'

13

constitutional rights, Mathis is not "asserting his ... own legal rights and interests [but] rather ... the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. These claims therefore allege "infringement of a legal interest which clearly does not exist" and are subject to dismissal as frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted.

2. Judgment be entered in favor of the defendants.

3. The costs of this proceeding be taxed against the plaintiff.

4. This case be dismissed with prejudice.

It is further

ORDERED that  on or before February 26, 2007 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

---

[1] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

14

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE